# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAULA BURNETTA-CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 22-2036-JWL-KGG |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER
## ON MOTION FOR ENTRY OF PROTECTIVE ORDER

NOW BEFORE THE COURT is Defendant's Motion for Entry of Protective Order (Doc. 28). Having reviewed the submissions of the parties, Defendant's motion is **GRANTED**.[1]

### Factual Background

The present action involves claims for alleged personal injury to Plaintiff as a result of a slip and fall on Defendant's premises. (Doc. 1.) This case is pending before the Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] The Court finds reply briefing from Defendant to be unnecessary to determining the issues herein.

1

With the present motion, Defendant seeks the entry of what is basically a standard protective order governing the potential production of confidential documents during discovery.

Although the Scheduling Order has yet to be entered in this case (*see* Doc. 29), the form Scheduling Order employed by this District specifically indicates that the parties' proposed protective order should be "drafted in compliance with the guidelines available" on the District Court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

The draft Scheduling Order also includes a link to a pre-approved form protective order that is available on the District Court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

At issue between the parties is paragraph 8 of the draft protective order submitted by defense counsel, which deals with challenges to a confidential designation. As originally written, this paragraph stated:

> The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge before

2

> filing such a motion, but such a conference is not mandatory. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

(*See* Doc. 28, at 3.) Plaintiff's counsel ultimately informed defense counsel that they did not agree with this procedure. It is uncontested that Plaintiff's counsel is aware that defense counsel copied and pasted this paragraph from the model protective order on the District Court's website.[2] (*Id.*)

Defense counsel subsequently identified specific categories of documents for which it seeks protection and "offered to clarify the types of documents covered by the protective order to absolve Plaintiff's counsel's concerns." (*Id.*) Defense counsel then sent revised draft protective order that narrowed the scope of which specific categories of documents and information can be designated as confidential. Section 2 of this draft of the protective order Section 2 stated:

> For purposes of this Order, the parties will limit their designation of 'Confidential Information' to the following categories of information or documents: (a) information prohibited from disclosure by statute; (b) information revealing trade secrets; (c) research, technical, commercial, or financial information a party has maintained as confidential; (d) personal identity information; (e) income tax returns; and (f) a person's

---

[2] The Court acknowledges Plaintiff's argument that there is no "preference" for the language contained in the Court's form order. (Doc. 32, at 4-5.) As discussed below, however, Plaintiff has not adequately established that the language would be inappropriate in this case.

3

> medical information; and (g) personnel employment records of a non-party. Information or documents that are available to the public may not be designated as Confidential Information.

(*Id*., at 3-4.) In an effort to clarify the scope of confidentiality, defense counsel revised this section to read:

> For purposes of this Order, the parties will limit their designation of 'Confidential Information' to the following categories of information or documents: (a) information prohibited from disclosure by statute; *(b) information revealing Defendant's trade secrets; (c) Defendant's manuals, policies, or procedures not generally provided to the public; (d) camera schematics for Defendant's retail stores and surveillance videos/photographs taken by Defendant; (e) Plaintiff's personal financial and medical information; (f) personnel information concerning any current or former employees of Defendant; and (g) tax or financial information of Defendant*. Information or documents that are available to the public may not be designated as Confidential Information.

(*Id*., at 4 (emphasis in original).)

Plaintiff's counsel did not respond to these proposed revisions as of Defendant filing of the present motion eight days later. (*Id*.) Based on the arguments of Plaintiff's counsel in opposition to the present motion, however, the only subsections at issue are c) and d), relating to Defendant's manuals, policies, or procedures and camera schematics/surveillance recordings. (Doc. 32, at 3.)

## **Analysis**

4

Protective Orders are governed by Fed.R.Civ.P. 26(c), which states in relevant part that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[3]  Walmart, as the party seeking the protective order at issue, has the burden to establish good cause.  *Id*.; *see also* **Sentry Ins. v. Shivers**, 164 F.R.D. 255, 256 (D. Kan. 1996).  The District Court has broad discretion to determine the appropriateness and degree of protection provided by a protective order.  **Bowers v. Mortgage. Elec. Reg'n Sys.**, No. 10-4141-JTM, 2011 WL 3328524, at *3 (D. Kan. Aug. 2, 2011) (citation omitted).

The proposed protective order herein relates to the dissemination of information designated by a party as "confidential."  As indicated above, such protective orders are common in litigation in this District as the Court's form Scheduling Order refers the parties to the District's guidelines and form order.

---

[3] Rule 26(c)(1) mandates that a motion for a protective order to include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  District Court of Kansas Local Rule 37.2 requires that conferring certification "must describe with particularity the steps taken by all attorneys to resolve the issues in dispute."  The Court finds that Defendant has met these requirements.

Further, the form Scheduling Order contains dates for the submission of an agreed order as well as a deadline for potential motion practice on the issue.

In order to establish good cause for the entry of this type of protective order, Defendant, as the party seeking the order, "'must provide a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed.R.Civ.P. 26(c).'" ***Layne Christensen Co. v. Purolite Co.***, 271 F.R.D. 240, 244 (D. Kan. 2010) (quoting standard Scheduling Order language from this District). This District commonly holds that a moving party has demonstrated good cause for entering a protective order by establishing discovery would involve the disclosure of confidential business records, propriety matters, and the private or personnel information of involved individuals. ***Bowers***, 2011 WL 3328524, at *4.

As an initial matter, Plaintiff argues that this motion is premature "until such time as the disclosure of a trade secret or otherwise confidential information is actually requested." (Doc. 32, at 1.) Given that the entry of these types of protective orders in the early stages of litigation is standard in this District and that the form Scheduling Order includes dates relating thereto, the Court rejects Plaintiff's argument. To the contrary, the Court has found that the interests of judicial economy are best served by the parties addressing these issues as early as

possible. It is not uncommon for protective orders to be entered in a case before discovery requests have been served.

Plaintiff argues that Defendant has failed to meet its burden to show that the subject information is confidential within the requirements of Fed.R.Civ.P. 26(c). (*Id*., at 2-4.) Ironically, the Court finds Plaintiff's argument to be premature. Plaintiff's argument will be best addressed in regard to subsequent *challenge* of a specific confidential designation of a document produced in discovery rather than challenging the appropriateness of the language proposed by Defendant.

Plaintiff's counsel next argues that she should not face the burden of challenging Defendant's confidential designation. (*Id*., at 4.) The Court acknowledges that the standard language requires the party challenging a confidential designation to "file a motion that identifies the challenged material and sets forth in detail the basis for the challenge." (Doc. 28, at 3.) That stated, the draft order at issue <u>clearly</u> states that "[t]he burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality." Further, the draft order strongly encourages the parties to arrange a telephone conference with the assigned Magistrate Judge in an hopes of avoiding the filing of any such motion.

Plaintiff's objection to the Court's model order betrays a lack of understanding about the purpose and role of that form. The form acts as a

preliminary protective order which allows the prompt production of information which the producing party considers confidential without the inefficiency caused by delaying production until a disputed motion can be decided by the Court.

The model order specifically provides that designations and production under the order do <u>not</u> constitute a finding by the Court that the information is ultimately entitled to protection. (*See* model order, at ¶16.) This allows the producing party to make the designation and produce the information. The receiving party must then treat the information as confidential until a judicial determination is made concerning whether the information is actually confidential and entitled to continued protection. The receiving party may make an immediate challenge to a designation if it wishes, but in any event designating and producing the information does not establish that it is confidential, only that it must be treated as confidential until the Court decides otherwise. This procedure helps meet the directive in Rule 1 to seek the "just, speedy and inexpensive" resolution of the case by expediting discovery. Entering this order early in the case facilitates completion of early discovery, including the initial disclosures required under Rule 26(a)(1). Plaintiff's objection is overruled.

Finally, Plaintiff contests paragraph 4 of the draft order, which relates to the inadvertent failure to designate a document as "confidential." Plaintiff points out that the Court's model order "leaves a space for an exact number of days after

which a claim of confidentiality is waived," but that Defendant has substituted the blank with the word "promptly."  (*Id.*, at 6.)  The Court agrees that this term is unmanageably vague.  Plaintiff proposes that inadvertent failure to designate confidentiality be deemed waived 60 days after production.  (*Id.*)  The Court finds this suggestion to be appropriate and instructs Defendant to make this change to the proposed protective order.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc. 28) is **GRANTED**.  Defendant is instructed to make the change addressed *supra*, and submit a revised draft protective order to the undersigned Magistrate Judge within fifteen (15) days of the date of this Order.  The protective order will then be reviewed in its entirety in preparation for filing by the Court.

**IT IS SO ORDERED.**

Dated this 2nd day of June, 2022, at Wichita, Kansas.

/S KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge